IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GALVESTON BAYKEEPER, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Cause No.: |
| | § | |
| TRENDMAKER HOMES, INC., a Texas corporation, | § | 4:14-cv-01500 |
| and TRENDMAKER CLEAR LAKE, LLC, a Texas | § | |
| limited liability company, | § | |
| | § | |
| Defendants. | § | |

## A BRIEF SUR-REPLY REGARDING DEFENDANTS' R. 12(b)(1) MOTION TO DISMISS

TO THE HONORABLE JUDGE HUGHES:

Defendants argue the letter from the Corps of Engineers reflects the final agency position as to whether the wetlands on the Trendmaker property are "jurisdictional." Inasmuch as the letter purports to assert a negative determination on that question, Defendants argue, "As a result, it is unlikely Trendmaker would be able to obtain a Section 404 permit from the Corps of Engineers. The Corps of Engineers is unlikely to expend scarce federal resources to issue a permit for a property the agency has determined is not subject to Section 404." Doc.39, p. 2.

This argument is not credible. As an initial matter, we have only the most vague idea of the record on which the letter indicated the determination was made. It is highly unlikely the Corps had before it the unrebutted (in this case) evidence submitted by Plaintiff November 21st that the discharge of fill material in the Trendmaker wetlands

1

will result in a 33% annual increase in nitrogen loading and a similar increase in phosphorus loading to the bayous from the Trendmaker property; this is, at a minimum, 851 pounds/year of nitrogen and 63 pounds of phosphorus.  Doc. 35, Exh. 3, ¶¶14 and 15 (Ross Declaration).  Plaintiff had not, yet, submitted that information to the Corps, and it is pretty unlikely that the Defendants did.  With a full record, the Corps might change its mind.

Secondarily, is it really credible to argue that the Corps will not take seriously the declaration of a federal court that the Trendmaker wetlands are, indeed, "waters of the United States" and, thus, jurisdictional?  It is more credible to believe that, in response to such a federal court declaration, the Corps will find resources to expend on permitting the fill of those wetlands.

Finally, the Defendants' argument wholly disregards the relief that would be accorded Plaintiff through the deterrent effect that significant civil penalties imposed by the Court on Defendants would have on the future illegal filling of jurisdictional wetlands by Defendants or other similarly-situated dischargers.

Submitted December 30, 2014.

By:   /s/  David Frederick

David Frederick
Frederick, Perales, Allmon & Rockwell, P.C.
Texas Bar # 07412300
Southern District Bar # 154115
707 Rio Grande, Ste. 200
Austin, Texas 78701
Tel: (512) 469 – 6000
Fax: (512) 482 – 9346

2

dof@lf-lawfirm.com

 /s/  Scott Jerger

R. Scott Jerger
Field Jerger, LLP
Texas Bar # 24002350
Federal ID # 1708578
621 SW Morrison Street, Suite 1225
Portland, Oregon 97205
Tel: (503) 228-9115
Fax: (503) 225-0276
scott@fieldjerger.com

Attorneys for Galveston Baykeeper, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing motion *via* the Court's CM/ECF System for filing.

 /s/  David Frederick
David Frederick