UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

Galveston Baykeeper,      §
     §
         Plaintiff,      §
     §
versus      §      Civil Action H-14-1500
     §
Trendmaker Homes, Inc., et al.,      §
     §
         Defendants.      §

## Opinion on Dismissal

1.    *Background.*

Trendmaker Clear Lake, LLC, is a residential developer. In October of 2013, it began clearing a site in Clear Lake City for a new development. Galveston Baykeeper is a local conservation group. It sued to stop the development because it says that Trendmaker needed a permit under the Clean Water Act.

Baykeeper says that the site – like the surrounding coastal prairie – has low areas that collect rain and filter flowing water. After the site is graded and roads are paved, Baykeeper says that water which would have been collected, filtered, or absorbed will drain into nearby bayous. These overland flows contain nitrogen and phosphorous which, it says, may degrade the water in the bayous and kill wildlife.

Baykeeper's members say that Trendmaker's development affects Armand and Horsepen bayous as well as Galveston Bay. Baykeeper's members say that they use the affected areas and have an interest in their preservation.

2.    *Standing.*

Trendmaker says that Baykeeper has no standing to sue.

For it to sue, Baykeeper's members must have standing. It must show that at least one of its members has an (1) injury that is (2) fairly traceable to Trendmaker and that is (3) redressable.[1]

---

[1] Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982).

A.     *Injury.*

Trendmaker says that Baykeeper has no injury because none of its members are connected to the property. Trendmaker emphasizes that of those deposed, none use or recreate on the site, on the private property to its east, or within a nearby drainage ditch.

The testimonies given by Baykeeper's members need not prove that they enjoy the developed land. Instead, they must show that they enjoy the areas affected by Trendmaker's development. Baykeeper's members use the bayous for kayaking, fishing, tours, and general aesthetic enjoyment. Purely aesthetic and even trifling injuries suffice so long as the party seeking review is among the injured.[2]

Trendmaker also says that Baykeeper does not have an injury because there is not a significant link between its development and the bayous.

A geoscientist says that the areas are connected. The scientist's finding is supplemented by Baykeeper's environmental engineer who says that site's development will contribute to the pollution of the bayous. Taking what they say to be true, Baykeeper has an injury in fact.

B.     *Traceable.*

Trendmaker says that Baykeeper's injury is not fairly traceable to its development. It says that there are many sources that could pollute the bayous and that there is no way to tell what damage Trendmaker is causing, if any.

Baykeeper has scientific reports and other evidence that shows that Trendmaker's development affects the bayous. Taken as true, this is enough. Baykeeper need not show with scientific certainty that Trendmaker's actions are solely responsible for the pollution. Baykeeper need only show that it is likely that Trendmaker is contributing. Baykeeper does this; its injury is fairly traceable to Trendmaker.

C.     *Redressability.*

Baykeeper's injury is redressable. If it succeeds, Trendmaker may be enjoined and fined. Trendmaker would be required to obtain a permit to continue its development, making it subject to pollution regulation which would reduce what flows to the bayous.

---

[2] Sierra Club v. Morton, 405 U.S. 727, 734–35 (1972).

3.      *Conclusion.*

Because Baykeeper has standing to sue, Trendmaker's motion to dismiss will be denied.

Signed on August 3, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge